# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DUSTIN REED BARTON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-15-3042 |
| CORRECTION CARE SOLUTIONS | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-entitled complaint was filed on October 7, 2015, along with a motion to proceed in forma pauperis which shall be granted. For the reasons set forth below, the complaint must be dismissed.

Plaintiff is detained at the Carroll County Detention Center in Westminster, Maryland. He alleges that on July 29, 2015 between the hours of 11:30 p.m. and 2:00 a.m., he began to experience very bad chest pains. ECF 1 at p. 3. Upon alerting the officer on duty, Kelly Howard, a nurse, was notified and reported to plaintiff's cell. *Id.* Howard took plaintiff's blood pressure and told plaintiff "it was probably just anxiety." *Id.* When asked about medications, plaintiff informed Howard that he takes "Nuranten" and Howard responded she could give plaintiff "something else to help." *Id.* After leaving the housing unit for a few minutes, Howard returned with "two green and white pills" which plaintiff took. He states that he stayed up "a while longer" talking to the officer on duty, that he began to feel tired and more calm, and went to sleep. *Id.* The following morning plaintiff was awakened for breakfast at 5:30 a.m. *Id.*

Plaintiff states that upon awakening he felt "very out of my normal state of mind" and describes himself as confused and out of it. *Id.* Additionally, he states he experienced a very dry mouth, difficulty urinating, priapism, and nausea. *Id.* at p. 4. Plaintiff states he saw the "psyc

doctor" on July 31, 2015, Joyce Schaun and told her what had happened and how he was currently feeling. *Id.* He claims that Schaun checked his medical file to determine if a doctor's order had been written for any medication to be given to plaintiff, but told plaintiff no order had been written. *Id.* Plaintiff claims he wrote a letter to Captain Dennis Harmon regarding the events and an investigation was initiated. *Id.* He states that "this could have ended up very bad" and now believes he is treated differently by medical staff, which he believes jeopardizes him. *Id.* As relief he seeks a preliminary injunction, but does not specify what the injunction would require. *Id.* at p. 5.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The facts alleged, taken as true, do not state a constitutional claim. In order to state a federal constitutional claim, plaintiff must establish that the defendants were deliberately indifferent to a serious medical need and he suffered an injury as a result. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

Liberally construed, plaintiff's complaint at best describes an effort to treat an anxiety attack with medication that caused adverse side effects. There is nothing alleged that indicates

2

he was refused treatment or that his treatment amounted to a callous disregard of a serious medical condition. His assertion that he is now treated differently following his report of the incident is insufficient to state a constitutional claim absent an allegation that he suffers a serious medical condition that is not being treated for improper reasons. Accordingly, the complaint shall be dismissed by separate order which follows for failure to state a claim upon which relief may be granted and a "strike" will be issued. Under 28 U.S.C. §1915(g) plaintiff will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

_____  _____
Date                                                          J. Frederick Motz
                                                              United States District Judge